1   JAMES G. KREISSMAN (Bar No. 206740)
    jkreissman@stblaw.com
2   HARRISON J. FRAHN IV (Bar No. 206822)
    hfrahn@stblaw.com
3   ISABELLE A. YOUNG (Bar No. 246112)
    iyoung@stblaw.com
4
    SIMPSON THACHER & BARTLETT LLP
5   2550 Hanover Street
    Palo Alto, California  94304
6   Telephone:  (650) 251-5000
    Facsimile:  (650) 251-5002
7
    *Counsel for Defendants*
8   ELPIDA MEMORY, INC. and
    ELPIDA MEMORY (USA) INC.
9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN FRANCISCO DIVISION
12

13   In re DYNAMIC RANDOM ACCESS         Master File No. M-02-1486 PJH (JCS)
     MEMORY (DRAM) ANTITRUST
     LITIGATION                          MDL No. 1486
14
                                         Case No. C 06-6436 PJH
15   This Document Relates To:

16   *State of New York v. Micron Technology, et
     al.*
17                                       **STIPULATION AND [PROPOSED]
                                         PROTECTIVE ORDER**
18

19

20

21

22

23

24

25

26

27

WHEREAS, the parties may have proprietary information and documents that are not in the public domain and are confidential, the unrestricted disclosure of which may cause undue irreparable damage to the parties and their respective businesses; and

WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of such information and documents; and

WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances; and

WHEREAS, the parties have agreed to protect the confidentiality of such information in accordance with the following terms and conditions:

1.      Documents that contain non-public information may be designated as "Confidential" or "Highly Confidential" in the manner described below, so long as the materials concern the producing party's trade secrets or other confidential research and development or commercial information, or information for which the producing party believes in good faith it otherwise has a compelling need for confidentiality.  This includes, without limitation:  (a) documents, exhibits, answers to interrogatories, responses to requests for admissions and deposition transcriptions and all original written, recorded, graphic or electronic matters (and all identical and non-identical copies thereof), (b) any copies, notes, abstracts or summaries of such information, and the information itself, or (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information (subsections (a) to (c) collectively referred to herein as "Litigation Materials"), all of which may be designated as "Confidential" or "Highly Confidential" under this Protective Order, as appropriate.  Further, Litigation Materials previously designated "Confidential" or "Highly Confidential" by the parties pursuant to the protective order entered by the Court in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, U.S.D.C. Northern District of California, Case No. 02-1486 PJH ("MDL Action"), on July 11, 2003, shall receive all the protections afforded "Confidential" or "Highly Confidential" Litigation Materials under this Protective Order.

2.      Only non-public documents produced in discovery may be designated as "Confidential" or "Highly Confidential."  Accordingly, "Confidential" or "Highly Confidential"

materials shall not include any documents concerning information that at any time has been: (a) produced, disclosed or made available to the public or otherwise available for public access; or (b) disclosed in connection with any governmental public filing or securities offering and could not reasonably be assumed to be or have been intended to be kept confidential. Documents containing trade secrets, or other confidential research and development or proprietary business information, the disclosure of which to other parties might competitively disadvantage the producing party, may be designated as "Highly Confidential." Any document concerning information that has not been preserved or maintained in a manner calculated to preserve its confidentiality shall not be designated as "Confidential" or "Highly Confidential." Notwithstanding the foregoing, a producing party may designate as "Confidential" or "Highly Confidential" any documents transmitted or disclosed to any governmental entity pursuant to a written confidentiality agreement or which is protected as confidential by statute, rule or regulation.

3.    All "Highly Confidential" or "Confidential" Litigation Materials shall be used by the parties and their counsel solely for the purpose of the prosecution or defense of litigation in Case No. 06-6436 PJH, including preparing for and conducting pre-trial proceedings in this action. Litigation Materials designated as "Confidential" or "Highly Confidential" shall not be disclosed to anyone except as provided herein and the contents thereof shall not be used for any business, commercial or competitive purpose, or used in any manner in any other case, litigation or proceeding whether or not factually related to this action.

4.    (a)    Parties shall designate documents, including deposition transcripts, in good faith, and shall not indiscriminately designate documents, so that produced documents are not over-designated as "Confidential" or "Highly Confidential." Any party may object in good faith to the designation of Litigation Materials. The process for resolving disputes as set forth below presumes this good faith in the initial designations, objections and meet and confer process. The following process will apply to resolution of disputes hereunder: 1) any party who objects to a designation by a producing party shall state concisely the basis for those objections in a letter to the producing party which said letter shall not exceed 5 pages; 2) the letter need only be served by fax or e-mail on the producing party to start this process; 3) the objecting party and producing

party shall have ten days from the date the letter is faxed or e-mailed to meet and confer to resolve the objections and/or narrow issues to be briefed; 4) any objections not so resolved shall be the subject of a regularly noticed motion filed by the objecting party, but the producing party shall have the burden to support the contested designations; 5) said motion shall be filed and served no later than thirty days after the meet and confer period ends; 6) the objecting party shall be allowed to file an extended reply brief of up to 25 pages, unless leave of Court is obtained to file a longer reply brief; and 7) only the objecting and producing parties shall file briefs, but other parties may file a two-page brief, unless leave of Court is obtained to file a longer brief.  Plaintiff in Case No. 06-6436 PJH is not waiving any objections to prior designations of Litigation Materials in the MDL Action.

(b)     In addition to the procedures described above, the following shall apply to the process:  1) a party shall not be obligated to challenge the propriety of a confidential designation at the time that designation is made, and failure to so challenge does not preclude a subsequent challenge; 2) with the permission of the Court, either the producing or objecting party may request a short informal discovery conference to be held telephonically with the Court in order to avoid the need for any motion; 3) said conference should be held during the ten-day meet and confer period, or the thirty-day period for bringing the motion in accordance with the convenience of the Court; 4) if the producing party does not oppose the motion, then designations which are the subject of the objections are declassified; and 5) the parties will attempt in good faith to combine as many issues under this Protective Order as possible so that said matters can be handled efficiently and effectively, and the parties further reserve the right to request, for good cause shown, additional time to file any motion.

5.     Any Litigation Materials the designation of which is subject to such dispute shall be treated as "Confidential" or "Highly Confidential" as designated by the producing party pending resolution of the dispute by this Court.

6.     If any party or non-party uses Litigation Materials designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order during the course of a deposition herein, that portion of the deposition record reflecting such "Confidential" or "Highly Confidential"

information shall be stamped as "Confidential" or "Highly Confidential" and access thereto shall be limited pursuant to the other terms of this Protective Order. Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential" or by designating the deposition transcript or portions thereof as "Confidential" or "Highly Confidential" before the time expires within which the witness may sign the deposition transcript. No person shall be present during portions of the depositions designated "Confidential" or "Highly Confidential," unless such person is authorized under the terms of this order to receive Litigation Materials containing such confidential information or unless the producing party consents to such person being present. All information disclosed during a deposition shall be deemed to have been designated "Highly Confidential" until the time within which the witness may sign the transcript expires, whether or not any portion of the transcript has been so designated previously.

7.    Nothing in this Order affects the right of the party or non-party that produced "Confidential" or "Highly Confidential" Litigation Materials to use or disclose such information in any way. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Protective Order, except that if the producing party uses such materials in a manner inconsistent with their confidential status, then that shall serve as a basis to object to the designation and said objections shall be resolved as set forth in paragraph 4 above.

8.    In the event that documents or Litigation Materials are produced by another person in Case No. 06-6436 PJH which are actual copies of documents or other Litigation Materials which a party has produced and designated "Confidential" or "Highly Confidential," that party may designate such materials under this Protective Order even if they have not been so designated by the producing person. To the extent that a person produces documents in Case No. 06-6436 PJH which are not actual copies of documents previously produced and designated by a party but which contain a party's "Confidential" or "Highly Confidential" information, a party may designate those documents, or portions thereof as may be appropriate, as "Confidential" or "Highly Confidential," subject to the dispute resolution process set forth in paragraph 4 above.

Said designations shall be made as soon as reasonably possible, and shall contain the Bates stamp number(s) of the portions of the documents designated, the nature of the designations, and if an entire document is designated, which portions of the document contain the information supporting the designation so that an objecting party may determine what information is specifically at issue.

9.      Litigation Materials marked or treated as "Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

a.      the Court, all Court personnel, any discovery referee or any settlement mediator;

b.      court reporters and videographers who record depositions or other testimony in this action;

c.      named parties, including an officer, director or in-house counsel of a named party or its affiliated companies;

d.      other employees of a named party or its affiliated companies, but only for the specific purpose of working directly on the litigation at the request or at the direction of counsel;

e.      outside counsel for the named parties and employees of such counsel to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

f.      pursuant to the provisions of paragraph 12(a), consultants and experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation;

g.      deposition witnesses;

h.      employees of copying, imaging and computer services for the purpose of copying, imaging or organizing documents provided that all documents designated as "Confidential" are retrieved by the party furnishing those documents upon completion of the services;

i.      any other person upon the written agreement of the party or non-party who designated the Litigation Materials as "Confidential" (which agreement may be recorded in a

deposition or other transcript), or pursuant to court order; and

        j.     the author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his/her employment.

       10.    Litigation Materials marked or treated as "Highly Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to or communicated to only the following:

        a.     the Court, all Court personnel, any discovery referee or any settlement mediator;

        b.     court reporters and videographers who record depositions or other testimony in this action;

        c.     employees of copying, imaging and computer services for the purpose of copying, imaging or organizing documents provided that all documents designated as "Highly Confidential" are retrieved by the party furnishing those documents upon completion of the services;

        d.     counsel of the law firms signing this stipulation or employees of such counsel to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

        e.     in-house counsel for a named party or its affiliated companies, so long as this in-house counsel has executed the Agreement attached hereto as Exhibit A, provided, however, that if (i) such person is an in-house counsel for a party that is a defendant in this action or for an affiliated company of a defendant and (ii) the "Highly Confidential" documents have been produced by a defendant, then such in-house counsel must be approved in writing by the producing defendant to receive its "Highly Confidential" documents, unless otherwise ordered by the Court;

        f.     pursuant to the provisions of paragraph 12(a)-(c), consultants and experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation; and

        g.     the author, addressees and recipients or any person who would have had

access to such information by virtue of his/her employment as well as deposition witnesses presently employed by the party producing the highly confidential document.

11.     If a party in this litigation other than the producing party desires to give, show, make available or communicate any Litigation Materials marked or treated as "Confidential" or "Highly Confidential" to any person who is not specifically authorized pursuant to the terms of this Protective Order to have access to such Litigation Materials, the party intending to disclose the materials shall notify the producing party of such intent no less than three business days prior to the intended disclosure.  Said notification shall be sufficiently specific to inform the producing party of the intended scope of the disclosure, including the name and/or job description of the person to whom such disclosure is intended.  The parties will then attempt to negotiate the terms of disclosure within two business days of the notification.  If no agreement can be reached during this shortened meet and confer period, then the dispute shall be the subject of a regularly noticed motion filed by the objecting party with the producing party bearing the burden to support nondisclosure, pursuant to the dispute resolution procedure in paragraph 4 above, except that any party may move on an ex parte or expedited basis for an order shortening time if a scheduled deposition or Court date could be delayed or cancelled.  This paragraph does not apply to "Highly Confidential" documents which are used at deposition or trial in good faith for impeachment purposes only; provided, however, that the party desiring to use, pursuant to this exception, a "Highly Confidential" document for impeachment purposes at a deposition shall alert the producing party at least 48 hours in advance of its intent to use the "Highly Confidential" document under this exception, and then the requesting party and the producing party shall meet and confer in good faith to address confidentiality concerns and appropriate redactions, with any dispute being brought to the Court's attention for resolution on an expedited basis (by telephone conference or other means directed by the Court) in which only the requesting party and the producing party have notice or participate, so that the deposition is not delayed.  If such a proceeding were to occur, the requesting party shall provide written notice of the fact of the proceeding and the production number of the "Highly Confidential" document at issue to the other parties to the action immediately after the conclusion of the deposition in which the request arose.

A producing party who is notified of a request to use a "Highly Confidential" document for impeachment purposes, pursuant to this paragraph, shall not disclose the fact of that request or the document or its contents to the deposition witness, the attorney for the deposition witness, or any other party to this action.

12.  (a)  If any party wishes to disclose Litigation Materials produced by any other party and designated "Confidential" or "Highly Confidential" to any expert or consultant, the expert or consultant must sign the agreement attached hereto as Exhibit A.  Nothing in this Protective Order shall require that non-testifying experts or consultants be deposed or otherwise be the subject of discovery.

(b)  If any party desires to disclose another party's information designated "Highly Confidential" to any expert or consultant pursuant to paragraph 10(f) above, and that expert or consultant, in the five years prior to the date this Order is entered, has worked for one of the defendants (or their predecessors) then and only then, that party must first identify in writing to the attorneys for the producing party that expert or consultant and a general description of the nature of that engagement sufficient to allow the producing party to determine if it will object to the disclosure of its "Highly Confidential" information to that expert or consultant, unless the producing party agrees to permit disclosure without such information.  The attorney for the producing party shall have five (5) days from receipt of such notice to undertake the dispute resolution procedures set forth in paragraph 4 above, and any objections not informally resolved shall be the subject of a regularly noticed motion by the producing party who shall have the burden to support the restriction on dissemination of its "Highly Confidential" information to that expert or consultant.

(c)  Such identification shall include the full name, professional address and affiliation of the expert or consultant, the present and prior employments or consultancies of the expert or consultant and work done for defendants and/or their predecessors (other than work done for the party engaging that expert or consultant in this litigation.)

13.  Each person (except for the Court, Court personnel, any discovery referee, any settlement mediator, court reporters and videographers and copying, imaging and computer

1    service employees) provided access to Litigation Materials marked "Confidential" or "Highly
2    Confidential" pursuant to the terms of the Protective Order shall, before gaining such access,
3    receive a copy of this Protective Order and, as to those persons described in paragraphs 9 and 10
4    shall sign an agreement in the form attached hereto as "Exhibit A" or shall agree to be bound by
5    the terms of this Protective Order on the record at a deposition or hearing in this litigation.  A file
6    shall be maintained by each attorney of record for a party of all written agreements signed by
7    persons who have received such Litigation Materials from that party or persons affiliated with that
8    party.

9           14.    Each witness in a deposition shall be provided with a copy of this Order at the start
10   of the examination and shall be advised on the record that he or she is bound by the terms of this
11   Order and applicable remedies under law for violating the terms of this Order.

12          15.    Litigation Materials designated "Confidential" or "Highly Confidential," when filed
13   with pleadings or as evidence, shall be sealed in conformance with Local Rule 79-5.

14          16.    "Confidential" and "Highly Confidential" Litigation Materials shall maintain such
15   protections and designations in connection with any trial in this action.  Before the trial begins, the
16   parties will meet and confer in good faith as part of the pre-trial conference statement process to
17   put into place a procedure for identification of and use of "Confidential" or "Highly Confidential"
18   documents at trial.  Any documents which remain "Confidential" or "Highly Confidential" before
19   trial shall maintain their status through the time of the pre-trial conference or resolution of the
20   procedures described above.

21          17.    The provisions of this Order may be modified at any time by stipulation of the
22   parties approved by order of the Court.  In addition, a party may at any time apply to the Court for
23   modification of this Protective Order pursuant to a motion brought in accordance with the rules of
24   the Court.  Nothing in this Stipulation and Order shall constitute: (i) an agreement by any party to
25   produce any documents or other materials in discovery not otherwise agreed upon or required by
26   court order or the Federal Rules of Civil Procedure; (ii) a waiver by any person or party of any
27   right to object to or seek a further protective order with respect to any discovery in this or any
28   other action; or (iii) a waiver of any claim of immunity or privilege with respect to any testimony,

document or information.

18.    In the event that Litigation Materials designated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party involved shall immediately give notice to counsel of record for the party who designated the Litigation Materials as "Confidential" or "Highly Confidential," and shall also describe the circumstances surrounding the unauthorized disclosure. If a party fails to treat documents designated as "Confidential" or "Highly Confidential" in the manner provided herein, the party should immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status.

19.    In the event that Litigation Materials claimed to be "Confidential" or "Highly Confidential" are inadvertently produced without the appropriate designation, such documents and copies thereof shall be returned to the producing party within five days of any written notice requesting their return to affix the appropriate designation or immediately stamped "Confidential" or "Highly Confidential" as requested by the producing party. The receiving party may challenge the confidential nature of the documents, but the inadvertent production of the documents, or the giving of testimony, claimed to be "Confidential" or "Highly Confidential" shall not constitute a waiver of the confidentiality designation.

20.    Inadvertent production of any document produced in this action by any party or non-party that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production and providing any other information that would be listed on a supplemental privilege log disclosing the document. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one of more parties, the possessing parties shall within seven business days return to the requesting party or non-party the Inadvertently Produced Privileged Document and

all copies thereof and shall expunge from any other document or material information solely
derived from the Inadvertently Produced Privileged Document. After a document is returned
pursuant to this paragraph, a party may move the Court for an order compelling production of the
document.

21. Within ninety days following termination of this litigation (including the final
resolution of any appeals), the originals and all copies, whether exact copies or compilations,
digests or non-exact copies in any form, of Litigation Materials designated as "Confidential" or
"Highly Confidential" shall be returned to the party who produced such documents or may be
disposed of in some other manner that is mutually agreeable among the parties. Notwithstanding
this, however, counsel of record may retain their file copies of all court filings, deposition or
hearing transcripts and exhibits, and correspondence, provided that counsel of record continues to
treat all "Confidential" or "Highly Confidential" Litigation Materials in the manner provided for in
this Protective Order.

22. The termination of proceedings in this action shall not thereafter relieve the parties
from the obligation of maintaining the confidentiality of all Litigation Materials designated as
"Confidential" or "Highly Confidential" which are received pursuant to this Protective Order, and
are not used at trial, or are used at trial under restriction designed to exclude from the public
record those portions of the Litigation Materials that were designated as "Confidential" or "Highly
Confidential." This provision shall not apply to any Litigation Materials that are the subject of a
superseding ruling of the Court as to the scope of their disclosure. The Court shall retain
jurisdiction to enforce and/or to modify this Protective Order.

23. The terms of this Protective Order shall apply to discovery directed to non-parties
to this Litigation, and such non-parties may specifically invoke or waive the terms and protections
of this Protective Order. To the extent that any discovery is served on a non-party, the party
serving the discovery shall provide the non-party with a copy of this Protective Order and
specifically mention the non-party's right to invoke or waive the terms of this Protective Order.

24. The terms of this Protective Order apply only to designated materials, documents or
information that are produced in this case. If materials, documents, or information disclosed or

1   produced to Plaintiff under state law or under any agreement pursuant to an investigative

2   subpoena, a Civil Investigation Demand, or other request are produced or deemed produced in this

3   case, then the provisions of this Protective Order, including paragraph 16 of this Protective Order,

4   shall apply.  To the extent this Protective Order does not apply to materials, documents or

5   information disclosed or produced to Plaintiff under state law or under any agreement pursuant to

6   an investigative subpoena, a Civil Investigation Demand, or other request, the use and disclosure

7   of such materials, documents, or information are governed by the relevant state law pursuant to

8   which the Plaintiff obtained the documents, materials, or information and/or by any agreement

9   reached between the Plaintiff and the producing party.  This Protective Order, the relevant state

10  law pursuant to which the Plaintiff obtained materials, documents or information from the

11  producing parties and any agreements reached between Plaintiff and producing parties shall be

12  construed to ensure the maximum possible protection for the materials, documents or information

13  produced by Defendants herein, with this Protective Order controlling in the event of any conflict

14  between this Protective Order and the relevant state law and/or agreements pursuant to which the

15  Plaintiff obtained materials, documents or information from the producing parties.

16          25      The parties acknowledge that, by entering into this Stipulation, the parties do not

17  waive any claims or defenses, including defenses regarding the service of Plaintiff's complaint or

18  jurisdiction.

19  /

20  /

21  /

22  /

23  /

24  /

25  /

26  /

27  /

28  /

By: _____

Jeremy R. Kasha
Jay L. Himes
Richard L. Schwartz
**OFFICE OF THE ATTORNEY GENERAL
OF NEW YORK**
120 Broadway, 26th Floor
New York, NY 10271

**Attorneys for Plaintiff State of New York**

Dated: March ___, 2007


By: _____

James G. Kreissman
Harrison J. Frahn IV
Isabelle A. Young
**SIMPSON THACHER & BARTLETT LLP**
2550 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

**Attorneys for Defendants Elpida Memory,
Inc. and Elpida Memory (USA) Inc.**

Dated: March 15, 2007

By: _____

Robert B. Pringle
Paul R. Griffin
Jonathan E. Swartz
**THELEN REID BROWN RAYSMAN &
STEINER LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3606
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

**Attorneys for Defendant NEC Electronics
America, Inc.**

Dated: March ___, 2007

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-6436 PJH

14

1  By: _____

2  Jeremy R. Kasha
   Jay L. Himes
3  Richard L. Schwartz
   **OFFICE OF THE ATTORNEY GENERAL**
4  **OF NEW YORK**
   120 Broadway, 26th Floor
5  New York, NY 10271

6  **Attorneys for Plaintiff State of New York**

7  Dated:  March ___, 2007

8

9

10 By: _____          By: _____

11 James G. Kreissman                      Robert B. Pringle
12 Harrison J. Frahn IV                    Paul R. Griffin
   Isabelle A. Young                       Jonathan E. Swartz
13 **SIMPSON THACHER & BARTLETT LLP**      **THELEN REID BROWN RAYSMAN &**
   2550 Hanover Street                     **STEINER LLP**
14 Palo Alto, CA 94304                     101 Second Street, Suite 1800
   Telephone: (650) 251-5000               San Francisco, CA 94105-3606
15 Facsimile: (650) 251-5002               Telephone: (415) 371-1200
                                           Facsimile: (415) 371-1211
16 **Attorneys for Defendants Elpida Memory,**
   **Inc. and Elpida Memory (USA) Inc.**   **Attorneys for Defendant NEC Electronics**
17                                         **America, Inc.**
   Dated:  March ___, 2007
18                                         Dated:  March 15, 2007

19

20

21

22

23

24

25

26

27

28
_____
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-6436 PJH

14

02mm... ...   1357-PaloAlto.2110163.1                          03/07 2007 2:44 PM

1

2   By_____                    By:_____

3   Saretta C. McDonough                         Stephen V. Bomse
    **KIRKLAND & ELLIS LLP**                     Michael Shepard
4   777 South Figueroa Street                    David C. Brownstein
    Los Angeles, CA 90017                        Scott E. Morgan
5   Telephone: (213) 680-8400                    **HELLER EHRMAN LLP**
    Facsimile: (213) 680-8500                    333 Bush Street
6                                                San Francisco, CA 94104-2878
    Aton Arbisser                                Telephone: (415) 772-6000
7   Julian Brew                                  Facsimile: (415) 772-6268
    **KAYE SCHOLER LLP**
8   1999 Avenue of the Stars #1700               **Attorneys for Defendants Mosel Vitelic, Inc.**
    Los Angeles, CA 90067-6048                   **and Mosel Vitelic Corp.**
9   Telephone: (310) 788-1000
    Facsimile: (310) 788-1200                    Dated:  March ___, 2007
10
    **Attorneys for Defendants Infineon**
11  **Technologies AG and Infineon Technologies**
    **North America Corp.**
12
    Dated:  March 12 , 2007
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

02696mm4444-11357-Palo/Alto.2110163.1                         03/07/2007 4:44 PM

1

2  By_____                    By:_____

3  Saretta C. McDonough                          Stephen V. Bomse
   **KIRKLAND & ELLIS LLP**                       Michael Shepard
4  777 South Figueroa Street                      David C. Brownstein
   Los Angeles, CA 90017                          Scott E. Morgan
5  Telephone: (213) 680-8400                      **HELLER EHRMAN LLP**
   Facsimile: (213) 680-8500                      333 Bush Street
6                                                 San Francisco, CA 94104-2878
   Aton Arbisser                                  Telephone: (415) 772-6000
7  Julian Brew                                    Facsimile: (415) 772-6268
   **KAYE SCHOLER LLP**
8  1999 Avenue of the Stars #1700                 **Attorneys for Defendants Mosel Vitelic, Inc.**
   Los Angeles, CA 90067-6048                     **and Mosel Vitelic Corp.**
9  Telephone: (310) 788-1000
   Facsimile: (310) 788-1200                      Dated:  March ___, 2007
10
   **Attorneys for Defendants Infineon**
11 **Technologies AG and Infineon Technologies**
   **North America Corp.**
12
   Dated:  March ___, 2007
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

020906-0000-44357-PaloAlto.2110165.1                                          03/07/2007 4:44 PM

1

2  By: _____        By: _____

3  Joel S. Sanders                      Kenneth R. O'Rourke
   **GIBSON, DUNN & CRUTCHER LLP**      Steven Bergman
4  One Montgomery Street                Daniel L. Alexander
   Suite 3100                           **O'MELVENY & MYERS LLP**
5  San Francisco, CA 94104              400 South Hope Street
   Telephone: (415) 393-8200            Los Angeles, CA 90071
6  Facsimile: (415) 986-5309            Telephone: (213) 430-6000
                                        Facsimile: (213) 430-6407
7  William J. Baer
   Wilson D. Mudge                      Ian Simmons
8  Mark R. Merley                       **O'MELVENY & MYERS LLP**
   **ARNOLD & PORTER LLP**              1625 Eye Street, NW
9  Thurman Arnold Buildings             Washington, D.C. 20006
   555 Twelfth Street, N.W.             Telephone: (202) 383-5300
10 Washington, DC 20004-1206            Facsimile: (202) 383-5414
   Telephone: (202) 942-5000
11 Facsimile: (202) 942-5999            Albert J. Boro, Jr.
                                        Terrence A. Callan
12 Ronald C. Redcay                     **PILLSBURY WINTHROP SHAW**
   **ARNOLD & PORTER LLP**              **PITTMAN LLP**
13 777 South Figueroa Street, 44th Floor 50 Fremont Street
   Los Angeles, CA 90017-2513           Post Office Box 7880
14 Telephone: (213) 243-4000            San Francisco, CA 94120-7880
   Facsimile: (213) 243-4199            Telephone: (415) 983-1000
15                                      Facsimile: (415) 983-1200

   **Attorneys for Defendants Micron**
16 **Technology, Inc. and Micron Semiconductor**  **Attorneys for Defendants Hynix**
   **Products, Inc.**                   **Semiconductor, Inc. and Hynix**
17                                      **Semiconductor America, Inc.**
   Dated: March 8, 2007
18                                      Dated: March ___, 2007

19

20

21

22

23

24

25

26

27

28
   _____
   STIPULATION AND [PROPOSED] PROTECTIVE ORDER
   CASE NO. C 06-6436 PJH

J200Ra-0000-11357-PaloAlto.2110163.1                          03 07 2007 4:44 PM

1

2   By: _____          By: 7L⌐R05

3   Joel S. Sanders                       Kenneth R. O'Rourke
    **GIBSON, DUNN & CRUTCHER LLP**       **O'MELVENY & MYERS LLP**
4   One Montgomery Street                 400 South Hope Street
    Suite 3100                            Los Angeles, CA 90071
5   San Francisco. CA 94104               Telephone: (213) 430-6000
    Telephone: (415) 393-8200             Facsimile: (213) 430-6407
6   Facsimile: (415) 986-5309

7   William J. Baer                       Michael F. Tubach
    Wilson D. Mudge                       **O'MELVENY & MYERS LLP**
    Mark R. Merley                        275 Battery St.
8   **ARNOLD & PORTER LLP**               San Francisco, CA  94111
    Thurman Arnold Buildings              Telephone:  (415) 984-8700
9   555 Twelfth Street, N.W.              Facsimile:  (415) 984-8701
    Washington, DC 20004-1206
10  Telephone: (202) 942-5000             **Attorneys for Defendants Hynix**
    Facsimile: (202) 942-5999             **Semiconductor, Inc. and Hynix**
11                                        **Semiconductor America, Inc.**

12  Ronald C. Redcay                      Dated:  March 15, 2007
    **ARNOLD & PORTER LLP**
13  777 South Figueroa Street, 44th Floor
    Los Angeles, CA 90017-2513
14  Telephone: (213) 243-4000
    Facsimile: (213) 243-4199

15  **Attorneys for Defendants Micron**
16  **Technology, Inc. and Micron Semiconductor**
    **Products, Inc.**

17  Dated:  March __, 2007

18

19

20

21

22

23

24

25

26

27

28

1

2 By: _____

3 Howard M. Ullman
**ORRICK, HERRINGTON & SUTCLIFFE**
4 **LLP**
The Orrick Building
5 405 Howard Street
San Francisco, CA 94105-2669
6 Telephone: (415) 773-5700
Facsimile: (415) 773-5759
7 hullman@orrick.com

8 Robert E. Freitas
**ORRICK, HERRINGTON & SUTCLIFFE**
9 **LLP**
1000 Marsh Road
10 Menlo Park, CA 94025
Telephone: (650) 614-7400
11 Facsimile: (650) 614-7401

12 **Attorneys for Defendants Nanya Technology**
**Corporation and Nanya Technology**
13 **Corporation USA, Inc.**

14 Dated:  March 15 , 2007

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-6436 PJH

17

1

[~~PROPOSED~~] ORDER

2

Based on the stipulation of the parties, and for good cause shown, the foregoing is hereby
SO ORDERED:

3

4

Dated: March___21___, 2007

5



Hon. Phyllis J. Hamilton
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. C 06-6436 PJH

18

EXHIBIT A

AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER ENTERED
IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he or she has read the attached STIPULATION

AND PROTECTIVE ORDER entered in the United Stated District Court for the Northern District

of California, in the litigation known as STATE OF NEW YORK v. MICRON TECHNOLOGY,

ET AL., Case No. C 06-6436 PJH, and understands the terms thereof and agrees to be bound by

such terms. The undersigned further acknowledges and understands that a violation of the

Protective Order could be punishable as a contempt of court.


Dated:_____          _____


                                         _____
                                                   [Type or Print Name]