EDMUND G. BROWN JR
Attorney General of the State of California
THOMAS GREENE
Chief Assistant Attorney General
KATHLEEN E. FOOTE (65819)
Senior Assistant Attorney General
EMILIO E. VARANINI (163952)
Deputy Attorney General
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 703-5908
Facsimile:    (650) 251-5002
Email:         emilio.varanini@doj.ca.gov

*Liaison Counsel for Plaintiffs* (C-06-04333)

ANDREW M. CUOMO
Attorney General of the State of New York
JAY L. HIMES
Bureau Chief, Antitrust Bureau
RICHARD L. SCHWARTZ
JEREMY R. KASHA
Assistant Attorneys General
Office of the New York Attorney General
120 Broadway, 26th Floor
New York, New York 10271-0332
Telephone:   (212) 416-8262
Facsimile:    (212) 416-6015

*Counsel for Plaintiff State of New York* (C-06-06436)

JAMES G. KREISSMAN (206740)
HARRISON J. FRAHN IV (206822)
ISABELLE A. YOUNG (246112)
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, California  94304
Telephone:  (650) 251-5000
Facsimile:   (650) 251-5002
Email:        jkreissman@stblaw.com
                  hfrahn@stblaw.comEmail
                  iyoung@stblaw.com

*Counsel for Defendants Elpida Memory, Inc.
and Elpida Memory (USA) Inc. and
on Behalf of Counsel for all other Defendants (Hynix,
Micron, NEC, Infineon, Mosel and Nanya)*

[PROPOSED] ORDER RE JULY 27, 2007 HEARING - CASE NO. 02-1486 PJH (JCS); 06-04333 PJH (JCS); 06-6436 PJH (JCS)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Case No. C-02-01486 PJH (JCS) <br><br> [~~PROPOSED~~] ORDER RE JULY 27, 2007 HEARING |
| This Document Relates To: | |
| STATE OF CALIFORNIA, *et al.*,  <br><br>          Plaintiffs, <br><br> v. <br><br> INFINEON TECHNOLOGIES AG, *et al.*, <br><br>          Defendants. | Case No. C-06-04333 PJH (JCS) |
| This Document Relates To: | |
| STATE OF NEW YORK, <br><br>          Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., *et al.*, <br><br>          Defendants. | Case No. C-06-06436 PJH (JCS) |

Pursuant to the Court's June 25, 2007 Order, a hearing and further discovery conference in the above-captioned matters was held on July 27, 2007. Richard L. Schwartz appeared on behalf of Plaintiff State of New York, Emilio E. Varanini appeared on behalf of Plaintiff State of California and Tim Nord appeared on behalf of Plaintiff State of Oregon. The following counsel appeared telephonically on behalf of Plaintiffs: Lizabeth Leeds (State of Florida), John Tennis (State of Maryland), and Blake Harrop (State of Illinois).

Steven H. Bergman of O'Melveny & Myers LLP appeared on behalf of the Hynix

1

defendants, G. Charles Nierlich of Gibson Dunn & Crutcher LLP appeared on behalf of the Micron defendants, Isabelle A. Young of Simpson Thacher & Bartlett LLP appeared on behalf of the Elpida defendants, David Brownstein of Heller Ehrman LLP appeared on behalf of the Mosel Vitelic defendants, and Howard Ullman of Orrick Herrington & Sutcliffe LLP appeared on behalf of the Nanya defendants.  The following counsel appeared telephonically on behalf of Defendants: Jonathan Swartz of Thelen Reid Brown Raysman & Steiner LLP (NEC), Josh Stambaugh of Kaye Scholer LLP (Infineon), and Jane Chang of O'Melveny & Myers LLP (Hynix).

Having read the Joint Discovery Statement submitted by the parties on July 23, 2007 and having heard the arguments of counsel, the Court finds as follows:

1. Plaintiffs have identified for Defendants all state, local, or other municipal agencies or entities on whose behalf Plaintiffs are prosecuting these actions.
2. Plaintiffs have identified for Defendants all state agencies, universities and colleges, and local governments that will be included in Plaintiffs' proposed survey.
3. Plaintiffs have identified for Defendants the States which had a centralized purchasing or contracting agency and to what extent DRAM-related purchases were made by the agency or pursuant to the agency negotiated contract.

THEREFORE, having read the Joint Discovery Statement and having heard the arguments of counsel, and based upon the Court's findings at the hearing, the Court HEREBY ORDERS as follows:

**A.   PLAINTIFFS' SURVEY**

1. Pursuant to paragraph two (2) of the Court's July 25, 2007 Order re June 14, 2007 Joint Letter ("July 25, 2007 Order"), Plaintiffs shall provide, on a rolling basis, all information gathered and generated in connection with Plaintiffs' survey.
2. **Not later than August 10, 2007**, Plaintiffs shall describe **in detail** and **under oath** (either in the form of an interrogatory response or as a declaration) the methodology by which the survey participants in each group were selected,

2

and shall provide such description to Defendants.

3. Plaintiffs and Defendants shall meet and confer regarding the production of any master data sets used to select survey participants and, to the extent such master data set exists, Plaintiffs shall include a description of such data in their detailed statement under oath.

4. **Not later than August 3, 2007**, Plaintiffs shall provide to Defendants an initial survey questionnaire that Plaintiffs intend to send to survey participants.

5. **Not later than August 13, 2007**, Defendants may provide to Plaintiffs any input Defendants have concerning the questionnaire, including additional questions.  Plaintiffs are not required to accept Defendants' suggestions.[1]  However, if Plaintiffs fail to accept Defendants' suggestions, Defendants may apply to the Court for relief and may request changes to the survey or that a further questionnaire be sent to each survey participant.

6. Plaintiffs shall distribute the initial questionnaire to survey participants on a rolling basis after August 13, 2007.  The survey participants shall be requested to respond to the initial questionnaire **within not more than 10 days of receiving such questionnaire**.

7. **Prior to September 7, 2007**, the parties shall meet and confer about the production of documents by the survey participants.  In order to test the survey, Defendants have reserved the right to seek additional information and documents from non-survey participants at a later date.

**B.  CENTRAL PURCHASING AGENCIES**

1. Plaintiffs shall fully comply with paragraph three (3) of the June 25, 2007 Order **not later than August 16, 2006**.

---

[1] The Court acknowledges Defendants' objections to the Plaintiffs' proposed survey and any discovery that Defendants seek in connection with the survey is without prejudice to Defendants' right to object to introduction of the survey into evidence or to challenge the survey on any basis.

**C. DEPOSITIONS**

1. **Not later than August 26, 2007**, the parties shall agree on the identity of the twenty (20) initial 30(b)(6) Multistate Plaintiff deponents, as well as the dates when such depositions shall occur. The Plaintiff State shall not be required to designate entities for deposition that they do not represent. A 30(b)(6) deponent or deponents for the State of New York shall also be deposed. The parties have agreed to review the transcript of the July 27 hearing concerning the scope of the appropriate topics for questioning at such depositions. The parties will meet and confer, if necessary, to address any remaining issues concerning the scope of the appropriate topics for questioning at these depositions.

2. The parties may meet and confer concerning the location for depositions, consistent with any ruling by the Court at the hearing on July 27.

**D. ADDITIONAL WRITTEN DISCOVERY**

1. **Not later than September 25, 2007**, Plaintiffs shall provide Defendants in writing citations to generally applicable State laws and regulations that govern the purchasing and/or procurement process in **each** State

2. With respect to those States that do not have a central purchasing agency or where the central purchasing agency does not purchase a majority of the DRAM-containing products for that State, questions concerning details regarding the purchasing and procurement process for the Plaintiff, the location of available documents and document retention policies, shall be answered **under oath** by a large state agency, a university or college, and a local government entity in each such State; (to the extent that said State represents state agencies, universities/colleges, or local government entities); provided, however, that if a large state agency, a university or college, or a local government entity is deposed, then no response to such written questions shall be required from the category of entity that was deposed. With respect to

those States with central processing agencies that are not deposed, the Court reserves the right to decide this issue at a later date.

3. The parties shall meet and confer regarding the questions to be posed to the entities described in section D.2 above.

### E. FACT DISCOVERY CUT-OFF

Judge Hamilton's July 26, 2007 Order concerning the July 16, 2007 fact discovery cut-off date does not bar the discovery contemplated in Sections A through D.

### F. DISPUTE RESOLUTION PROCEDURES

Except for in an emergency, before filing any discovery motions, the parties shall abide by the following procedures to ensure the prompt resolution of any disputes:

1. Counsel for the parties shall first meet and confer to attempt to resolve any discovery dispute. This may be done by telephone, e-mail, or other form of correspondence.

2. If the dispute is not resolved in short order through the meet and confer effort, lead trial counsel shall meet and confer **in-person** to attempt to resolve any disputes. Any party may demand such a meeting on five business days' notice. The location of these meetings shall alternate, with Plaintiffs' offices being the first location for any such in-person meeting, or such other location as the parties agree upon, and with Defendants choosing the next location. The parties may also, by agreement, set the location of such in-person meetings.

3. If the dispute is not resolved through this in-person meet and confer, the parties shall submit a Joint Letter Brief, not to exceed three (3) pages, setting forth the substance of the dispute, the positions of each relevant party, and the final compromise positions offered.

4. Upon receipt of the Joint Letter Brief, the Court will determine what action will be taken by either issuing a ruling, holding a telephonic hearing, or, in rare cases, requesting supplemental briefing from parties.

### G. MOTIONS TO COMPEL FACT DISCOVERY

The following concerns discovery not related to Plaintiffs' survey.

1. With respect to the New York action (C-06-06436), both Plaintiff State of New York and Defendants shall file any motions to compel the production of discovery **not later than August 24, 2007**, provided the discovery was the subject of a formal request prior to the July 16, 2007 discovery cutoff date.

2. With respect to the Multistate action (C-06-04333), regarding various Defendants' discovery requests served on or around June 15, 2006, Defendants shall file any motions to compel the production of discovery **not later than September 5, 2007** (*i.e.*, 30 days after the agreed upon response date). As regards earlier discovery requests served by Plaintiffs or Defendants, both Plaintiffs and Defendants shall file any motions to compel the production of discovery **not later than August 24, 2007** (*i.e.*, 30 days from July 25, 2007 per agreement of the parties).

3. A motion to compel is deemed filed when the joint letter brief required by Section F.3 is filed with the Court.

### G. DISCOVERY CONFERENCE REGARDING SURVEY

The Court will conduct a further discovery conference on **September 7, 2007, at 9:30 a.m.** The parties shall file a joint status report regarding such survey-related discovery, including all agreements reached during any meet-and-confer sessions and all issues remaining from such meet-and-confer sessions, **not later than August 31, 2007**.

IT IS SO ORDERED.

Dated: August _6_, 2007



JOSEPH C. SPERO
United States Magistrate Judge