UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

This Document Relates to:

State of New York v. Micron et al.
(C 06-6436 PJH)
_____/

No. M 02-1486 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the court is defendant's motion to reconsider a portion of this court's August 31, 2007 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, specifically, that portion which denied defendants' motion to dismiss plaintiff's claim under New York Executive Law § 63(12) as untimely. Having read the parties' supporting papers and carefully considered the relevant legal authority, the court hereby DENIES defendant's motion for reconsideration.

The court's August 31, 2007 order applied the 6 year statute of limitations period set forth in N.Y. C.P.L.R. § 213(1) to plaintiffs' claims under New York Executive Law § 63(12), after holding that the 3 year statute of limitations contained in N.Y. C.P.L.R. § 214(2) was inapplicable to plaintiffs' price-fixing allegations. Defendants now note, however, that after the hearing on the motion to dismiss, the New York Supreme Court's Appellate Division issued a new opinion – New York v. Daicel Chemicals, 42 A.D.3d 301 (N.Y. App. Div. 2007) – in which it found that allegations of price fixing under Executive Law § 63(12) are subject to the 3 year statute of limitations. Defendants contend that Daicel rejected the arguments that this court relied on in its prior order, and that the court should therefore reconsider its prior holding.

The court is unpersuaded. Defendants are correct, to be sure, that <u>Daicel</u> dealt with allegations of antitrust price-fixing that are similar to those before the court here. However, the <u>Daicel</u> court's actual decision regarding the statute of limitations applicable to Executive Law § 63(12) was less than clear. The <u>Daicel</u> court merely stated in conclusory fashion that plaintiff's second and third causes of action "under Executive Law § 63(12) and General Business Law § 349, were properly found to be time-barred by the three-year statute of limitations (CPLR 214[2])." <u>See Daicel</u>, 42 A.D.3d at 303. The court then went on to state, "these claims rely on allegations of conduct made illegal by statute, and do not even allege all the elements of common-law fraud, and as such are they covered by CPLR 214[2]." <u>Id</u>. Nothing else is provided – no explanation for the court's reasoning, and no mention whatsoever of <u>State v. Cortelle Corp</u>., 38 N.Y.2d 83, 87 (N.Y. 1975), the controlling state authority that this court relied on in its August 31 order. Additionally, it appears that the <u>Daicel</u> decision focused on the fraud aspect of plaintiff's claims, as opposed to the antitrust aspect of plaintiff's claims. Finally, neither <u>Daicel</u> nor any other new authority cited by defendants here actually calls into question the court's earlier conclusion that the antitrust violations alleged by plaintiff did, in fact, preexist the antitrust statute upon which plaintiff's Executive Law § 63(12) claim is premised.

As such, the court continues to find that application of the 6 year statute of limitations period set forth in N.Y. C.P.L.R. § 213(1) is proper with respect to plaintiff's section 63(12) claim. Defendants' motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: October 16, 2007

PHYLLIS J. HAMILTON
United States District Judge

2