UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF NEW YORK,

    Plaintiff,

    v.

MICRON TECHNOLOGY, INC., et al.,

    Defendants.

_____/

No. C 06-6436 PJH

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING REQUEST TO RE-OPEN DISCOVERY**

Before the court is State of New York's ("plaintiff") motion for partial judgment on the pleadings with respect to certain affirmative defenses asserted by defendants pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Alternatively, plaintiff requests leave to conduct discovery with respect to the challenged affirmative defenses. Defendants oppose the motion. Plaintiff's motion came on for hearing before this court on December 17, 2008. Plaintiff appeared through its counsel, Jeremy R. Kasha. Defendants appeared through defendants Hynix Semiconductor Inc. and Hynix Semiconductor America Inc.'s counsel, Steven H. Bergman. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby DENIES plaintiff's motion for judgment on the pleadings and GRANTS plaintiff's request to re-open discovery, for the reasons stated below.

**BACKGROUND**

A.    Procedural History

Plaintiff filed its original complaint against defendants on July 13, 2006. The original complaint asserted four causes of action against defendants: (1) a federal antitrust claim for violation of Section 1 of the Sherman Act; (2) a state antitrust claim for violation of New York's Donnelly Act; (3) a claim pursuant to New York's Executive Law § 63(12), which allows the State Attorney General to enjoin "fraudulent or illegal acts" in the "carrying on,

conducting or transaction of business"; and (4) a claim pursuant to California's state antitrust statute, the Cartwright Act.  See, e.g., Compl. ¶¶ 81-86, 87-92, 93-95, 96-101.

Defendants' first motion to dismiss portions of that complaint was heard by the court on February 7, 2007.  Fact discovery closed on July 16, 2007.  On August 31, 2007, the court granted defendants' motion to dismiss in part, and denied it in part with leave to amend.  On October 1, 2007, plaintiff duly filed its amended complaint.  The amended complaint once again asserted four causes of action, albeit slightly different ones than before: (1) a federal antitrust claim under the Sherman Act; (2) a state antitrust claim under New York's Donnelly Act; (3) a second state antitrust claim under New York's Donnelly Act; and (4) a claim under New York's Executive Law § 63(12).  See generally Amended Complaint ("Amended Complaint").  In its Amended Complaint, New York attempted to "clarify" its Sherman Act claim by alleging that it was seeking redress for purchases made by non-state entities based on the OEMs' direct assignments of those rights to the state under the Centralized Contract, rather than the non-state entities' direct assignments to the state.  The court found, however, that the "clarification" in reality amounted to an alteration that materially changed the premise for the Sherman Act claim.

On November 26, 2007, defendants again moved to dismiss, challenging all four claims, either in whole or in part.  The court subsequently denied defendants' motion in all respects in an order issued on April 15, 2008.  The court also ordered discovery re-opened, for the limited purpose of allowing defendants to discover the necessary information regarding plaintiff State's new assignment theory, including the exact identity of any and all relevant contracts pursuant to which plaintiff State asserts a contractually assigned claim, the identity of any State and Non-State Entities subject to those contracts, and the details of all relevant transactions executed pursuant to such contracts.

On May 13, 2008, each defendant filed an answer to the complaint.  On October 3, 2008, plaintiff filed a motion for partial judgment on the pleadings pursuant to Rule 12(c), seeking judgment on the pleadings with respect to 90 of the 317 affirmative defenses

2

asserted by defendants in their answers to the amended complaint. Alternatively, plaintiff requests leave to conduct discovery concerning these affirmative defenses. Defendants filed an opposition on October 15, 2008.

**DISCUSSION**

Plaintiff argues that judgment on the pleadings is warranted with respect to 90 of the 317 affirmative defenses asserted by defendants on the basis that each of these defenses fails to satisfy the minimum standards of specificity required by Rule 8; namely, facts providing "fair notice" of the factual and legal bases of the particular defenses asserted. Alternatively, plaintiff requests leave to conduct discovery concerning these affirmative defenses on the basis that it is entitled to fair notice of the defenses defendants are asserting in this action. Plaintiff contends that "but for" the fact that defendants filed several motions to dismiss, and then served their answers after the close of fact discovery, plaintiff would have been able to conduct discovery on these defenses in preparation for summary judgment and/or trial. Plaintiff maintains that it will suffer prejudice if it is unable to conduct discovery into defendants' affirmative defenses because defendants will be able to "keep secret until trial their information, if any, as to the challenged defenses."

A.  Motion for Judgment on the Pleadings

    1.  Legal Standard

The court sets forth at some length the legal standards that it applies to this motion as it is not altogether clear what relief plaintiff seeks or the legal basis for such relief as plaintiff uses the terms judgment on the pleadings, dismissal and striking almost interchangeably.

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. Westlands Water Dist. v. Bureau of Reclamation, 805 F.Supp. 1503, 1506 (E.D. Cal. 1992). The legal standard applied to a

motion for judgment on the pleadings is the same as the legal standard applied on a motion to dismiss pursuant to Rule 12(b)(6). Quest Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)); see also Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.,132 F.3d 526, 529 (9th Cir. 1997) (under Rule 8(a) a plaintiff is not required to allege in its complaint the evidentiary facts in support of its theory of recovery).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic, 127 S.Ct. at 1964-65. The "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. Dismissal is not appropriate where enough facts have been alleged "to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S.Ct. at 1974. However, dismissal is appropriate where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible." Id.

"A motion for judgment on the pleadings is proper 'when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.' " Jackson v. East Bay Hosp., 980 F.Supp. 1341, 1345 (N.D. Cal. 1997) (citing Fed.R.Civ.P. 12(c)); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). "In reviewing a motion under Rule 12(c), the court must assume that the facts alleged by the nonmoving party are

4

true and must construe all inferences drawn from those facts in favor of the nonmoving party." Jackson, 980 F.Supp. at 1345 (citing General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989)).

Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, 896 F.2d at 1550.  A plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery. General Conference Corp. of Seventh-Day Adventists, 887 F.2d at 230.  While Rule 12(c) does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure.  See Savage v. Council on American-Islamic Relations, Inc., 2008 WL 2951281, *2 (N.D. Cal. 2008) (Although Rule 12(c) neither specifically authorizes nor prohibits motions for judgment on the pleadings directed to less than the entire complaint or answer it is the practice of many judges to permit partial judgment on the pleadings (e.g. on the first claim for relief, or the third affirmative defense) (citing William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial, ¶ 9:340 (2001)) (quotation marks omitted).

Additionally, under Rule 12(f) a court, upon motion or sua sponte, may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "To strike an affirmative defense, the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.' " S.E.C. v. Sands, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995).  A defense is ordinarily not held to be insufficient "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991).  A defense is also insufficient if it does not provide the plaintiff with "fair notice" of the defense. Wyshak

v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

Unless the defense is one that falls under Rule 9, there is no requirement that a party plead an affirmative defense with particular specificity. Wong v. U.S., 373 F.3d 952, 969 (9th Cir. 2004). Thus, in some cases, simply pleading the name of the affirmative defense is sufficient. See Woodfield v. Nationwide Mutual Ins. Co., 193 F.3d 354, 362 (5th Cir. 1999). Other affirmative defenses, however, require greater specificity. See id. (baldly "naming" the broad affirmative defense of "waiver and/or release" falls well short of the minimum particulars needed to identify the affirmative defense and provide "fair notice"). "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.' " Id. Deciding whether the plaintiff was unfairly surprised involves a fact-specific analysis. Id.

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. Colaprico v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991); see also Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381 ("Motions to strike a defense as insufficient are not favored . . . because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."); Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir. 1962). A decision to strike material from the pleadings is vested to the sound discretion of the trial court. Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).

### 2. Analysis

Defendants argue that plaintiff's motion for judgment on the pleadings fails for three reasons: (1) plaintiff failed to meet its burden under Rule 12(c) to demonstrate that, even assuming the truth of the allegations in the answers, the challenged affirmative defenses fail as a matter of law; (2) the affirmative defenses are plead with sufficient specificity to provide plaintiff fair notice of the defense being advanced, given the language of the defenses and plaintiff's knowledge of the lawsuit's factual and legal context; and (3) plaintiff violated Civil Local Rules 7-2(b)(3) and 7-4(a) by failing to articulate a specific argument as to each of the affirmative defenses it challenges.

Plaintiff is the party moving for judgment on the pleadings. Therefore, any facts alleged by defendants must be taken as true and all inferences must be drawn in their favor. Further, under Rule 12(c), plaintiff has the burden to "clearly establish" on the face of the pleadings that no material issue of fact remains to be resolved and that plaintiff is entitled to judgment as a matter of law. Because plaintiff has utterly failed to do this, the court concludes that judgment on the pleadings in favor of plaintiff is inappropriate. Accordingly, the motion is DENIED.

In addition, even assuming for the sake of argument that plaintiff's motion can properly be construed as a motion to strike pursuant to Rule 12(f), the court finds that plaintiff's motion is insufficient because it fails to set forth reasoned argument justifying why each particular affirmative defense it challenges is legally insufficient. Instead, plaintiff has simply created a list of affirmative defenses it claims are legally insufficient (Schwartz Decl., Exh. J) and then asserts, in a conclusory fashion, that each of these defenses fail because they lack sufficient factual specificity to provide "fair notice" of the basis for the defense. The court declines to rule on plaintiff's objections without the benefit of any argument from plaintiff. However, with regard to the twenty-one affirmative defenses for which plaintiff provided argument, the court finds several of plaintiff's arguments to be well-taken, at least with respect to the defenses which simply state a legal conclusion or theory without the

support of any facts explaining how it applies to the instant case. Nevertheless, because the court agrees with defendants that plaintiff's motion, in essence, is a motion to re-open discovery, the court will treat the motion as such. Moreover, the court is of the opinion that plaintiff's concerns regarding defendants' affirmative defenses can be more efficiently resolved through discovery rather than motion practice.

B.  Plaintiff's Request to Re-Open Discovery

Defendants argue that plaintiff's request to re-open discovery should be denied on the basis that plaintiff has failed to demonstrate good cause to justify such a request under Rule 16. Specifically, defendants argue that good cause does not exist to re-open discovery because plaintiff was on notice of the affirmative defenses defendants were likely to assert insofar as: (1) plaintiff had access to defendants' answers filed in an earlier related action before the close of discovery in this case; and (2) issues relating to affirmative defenses unique to this action were raised in defendants' first motion to dismiss and in discovery. In addition, defendants argue that discovery should not be re-opened because plaintiff failed to preserve its right to seek discovery on the affirmative defenses by failing to raise this issue earlier.

Rule 16 of the Federal Rules of Civil Procedure governs deadlines and dates set by the court. In the absence of good cause, the court will not modify the scheduling order. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). The inquiry under Rule 16(b)'s good cause standard first focuses on the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Id. at 609. "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted).

8

"In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." <u>Galdamez v. Potter</u>, 415 F.3d 1015, 1020 (9th Cir.2005) (citing <u>Byrd v. Guess</u>, 137 F.3d 1126, 1132 (9th Cir.1998)).

Under the court's scheduling order, discovery closed in this matter on July 17, 2007. However, defendants did not file their answers until May 13, 2008. Plaintiff filed the instant motion requesting leave to conduct discovery on certain of defendants' affirmative defenses on September 15, 2008. In its motion, plaintiff asserts that it will suffer prejudice if it is unable to conduct discovery on these defenses because it will be unable to adequately prepare for these defenses at the summary judgment stage or at trial. The court agrees. Prohibiting plaintiff from conducting discovery on these defenses will clearly place plaintiff at an unfair disadvantage because plaintiff will be unable to explore the factual and legal bases of these defenses, which in turn will significantly impair plaintiff's ability to prepare to rebut or defend against these defenses in dispositive motions or at trial. In addition, it is clear that plaintiff could not have conducted discovery on these defenses <u>before</u> the discovery cut-off date given that defendants answers were not filed until <u>after</u> the discovery-cut off date.  While plaintiff did wait over four months to file this motion after defendants filed their answers, the court nonetheless does not find that this delay is unreasonable or prejudicial to defendants. Four months does not amount to significant delay under the circumstances, particularly given that, according to plaintiff, during this time period it attempted to resolve its concerns regarding the affirmative defenses with opposing counsel on an informal basis.

Moreover, the court finds that defendants, for their part, have not persuasively articulated any prejudice they would suffer if discovery was re-opened. Nor have defendants shown any willfulness or bad faith on the part of plaintiff in seeking to re-open

discovery or that re-opening discovering would disrupt the orderly and efficient resolution of this case. In fact, the court anticipates that further discovery will narrow the issues for trial, and therefore serve the interests of judicial economy.

The court finds entirely unpersuasive defendants' argument that plaintiff should not be permitted to conduct discovery on their affirmative defenses because plaintiff was on notice of these defenses from related earlier-filed litigation and from the discovery already propounded in this action. Plaintiff is not required or expected to speculate as to which defenses defendants will assert or to assume that any affirmative defense will be asserted at all. Defendants offered neither persuasive argument nor citation to controlling authority in support of any such requirement. Additionally, to the extent defendants argue that plaintiff should not be permitted to conduct discovery on their affirmative defenses because plaintiff failed to preserve its right to conduct such discovery before the discovery cut-off date, the court finds this argument similarly unpersuasive. Plaintiff did not neglect to conduct discovery after the defenses were asserted, but rather waited until they were asserted to seek discovery. Because of the motions to dismiss that defendants chose to file and the amount of time that it took the court to adjudicate those motions, it so happened that the discovery period had passed, through no fault of plaintiff, before the need to take discovery arose. Under the circumstances, plaintiff cannot be said to have waived its right to discovery.

At the hearing, the court indicated a tentative resolution of this dispute. However, upon further reflection the court has decided on a different approach. As defendants aptly noted, this is in essence a request to re-open discovery and not a proper motion for judgment on the pleadings or motion to strike. For some reason, plaintiff chose to request in its papers to take discovery only on those 90 challenged defenses on which the court did not grant judgment or dismiss or strike. At the hearing, plaintiff argued that it was entitled to discovery as well on any dismissed or stricken affirmative defenses for which the court might grant leave to amend. Plaintiff also seemed to suggest at the hearing that it was also

entitled to discovery on other affirmative defenses that it had not challenged or even identified. Notwithstanding the convoluted way in which plaintiff has framed and presented this issue, it is really quite simple. Is plaintiff entitled to discovery on the affirmative defenses raised by defendants? Of course it is. However, given the four months it took plaintiff to bring this motion after notice of the affirmative defenses, during which it attempted to resolve its concerns informally, the court assumes that plaintiff's remaining concerns are with respect to the 90 challenged defenses identified in this motion. Accordingly, the court's order is limited to those specifically identified and challenged affirmative defenses, and no discovery will be permitted on the others.

Thus, the court orders as follows. First defendants shall, within 30 days, review, evaluate and dismiss any affirmative defenses that are truly unnecessary and amend any that clearly do not provide an adequate factual basis. A meet and confer session shall follow within 14 days. Then plaintiff shall be permitted 90 days to take discovery on the remaining challenged affirmative defenses that require discovery. Within 30 days after discovery is completed, the parties shall meet and confer once again and try to resolve any remaining disputes. Any unresolved discovery disputes about the affirmative defenses should be brought to the attention of Magistrate Judge Spero. The court expects that full discovery will eliminate the need for any additional motion practice with respect to the affirmative defenses and further expects to revisit them only in the context of a motion for summary judgment.

## CONCLUSION

For the reasons stated above, the court hereby DENIES plaintiff's motion for judgment on the pleadings, but GRANTS plaintiff's request to re-open discovery.

**IT IS SO ORDERED.**

Dated: January 5, 2009

PHYLLIS J. HAMILTON
United States District Judge

11