```
 1  KENNETH R. O'ROURKE (S.B. #120144)
    korourke@omm.com
 2  STEVEN H. BERGMAN (S.B. #180542)
    sbergman@omm.com
 3  JANE Y. CHANG (S.B. #241890)
    jchang@omm.com
 4  O'MELVENY & MYERS LLP
    400 South Hope Street
 5  Los Angeles, CA 90071-2899
    Telephone:  (213) 430-6000
 6  Facsimile:  (213) 430-6407

 7  MICHAEL F. TUBACH (S.B. #145955)
    mtubach@omm.com
 8  O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
 9  San Francisco, CA 94111
    Telephone:  (415) 984-8700
10  Facsimile:  (415) 984-8701

11  Attorneys for Defendants
    HYNIX SEMICONDUCTOR INC. and
12  HYNIX SEMICONDUCTOR AMERICA INC.

13  [other counsel listed on signature page]
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION<br><br>------<br>STATE OF NEW YORK,<br><br>      Plaintiff,<br><br>      v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>      Defendants. | MDL No. 1486<br>Case No. M-02-01486 PJH (JCS)<br><br>Case Nos:<br>C-06-06436 PJH (JCS) (N.D. Cal.)<br>06-CV-5309 (S.D.N.Y.)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RE AFFIRMATIVE DEFENSE DISCOVERY** |

LA2:888969.4

STIP. & [~~PROPOSED~~] ORDER
RE AFFIRMATIVE DEFENSE DISCOVERY
MDL NO. 1486; CASE NO, C-06-06436 PJH

# STIPULATION AND [PROPOSED] ORDER

Pursuant to Civil L.R. 7-12, Plaintiff the State of New York and Defendants Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Micron Technology Inc., Micron Semiconductor Products, Inc., Infineon Technologies AG, Infineon Technologies North America, Inc., Elpida Memory, Inc., Elpida Memory (USA) Inc., NEC Electronics America Inc., Mosel Vitelic Corporation, and Mosel Vitelic (collectively "Defendants") enter into this Stipulation with reference to the following facts:

    A.    WHEREAS certain Defendants filed Amended Answers to New York's Amended Complaint on or about February 4, 2009; and

    B.    WHEREAS Plaintiff New York propounded discovery regarding certain affirmative defenses on Defendants in February 2009; and

    C.    WHEREAS Defendants objected and responded to New York's interrogatories, request for production of documents and notice of 30(b)(6) deposition in late March and/or April 2009; and

    D.    WHEREAS Defendants produced redacted settlement agreements in support of certain affirmative defenses in April 2009 (the "Settlement Agreements at Issue"); and

    E.    WHEREAS the parties met-and-conferred regarding Defendants responses and objections to New York's affirmative defense discovery; and

    F.    WHEREAS on June 18, 2009, New York moved to compel further responses to its affirmative defense discovery through a joint letter brief filed pursuant to Magistrate Judge Spero's dispute resolution procedures; and

    G.    WHEREAS on July 10, 2009, pursuant to Court Order, the parties met-and-conferred under Magistrate Judge Spero's supervision and direction at the Courthouse.

IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES AS FOLLOWS:

1. This Stipulation is subject to entry as an Order of the Court.

2. Within thirty (30) days of entry of this Stipulation as an Order of the Court, Defendants shall serve the following:

   a. Supplemental responses to New York's interrogatories regarding affirmative defenses. To the extent the original or supplemental responses refer to documents or other discovery materials in the discovery record pursuant to Fed. R. Civ. P. 33(d), such responses shall identify: (i) documents by production (Bates) numbers; (ii) deposition transcripts by the date and the witnesses' full name with specific references to pages and line numbers; and (iii) expert reports by full name, date and the case in which it was originally submitted, and if applicable, by page or exhibit number; and

   b. Any documents or other discovery material disclosed in responses or supplemental responses to New York's interrogatories regarding affirmative defenses that have not been previously produced to New York; and

   c. Redacted copies of the Settlement Agreements at Issue, provided that such redactions are limited to settlement consideration only. If any redacted settlement agreement that a Defendant previously served on New York complies with this provision, it need not be served again; and

   d. Documents concerning the negotiation of the Settlement Agreements at Issue to the extent such documents refer to, relate to or otherwise concern: (i) the ownership or assignment (or non-assignment) of claims being released by the Settlement Agreements at Issue, including without limitation, assignments by statute, contractual assignment, carve-outs relating to ownership or assignment, or changes of wording regarding such carve-outs, any due diligence regarding the ownership or assignment or non-assignment of claims being released by the Settlement Agreements at Issue, or notice of any of the foregoing; (ii) actual or potential claims by state or local government agencies; and (iii) actual or potential conflicting claims, or the possibility of

1  duplicative recoveries.  Actual or proposed settlement consideration only may be redacted
2  from these documents.

3        e.    Except that privilege logs for all documents or information
4  that would otherwise be disclosed under the terms of this stipulation or by order(s) of the
5  Court but which are withheld on the basis of attorney-client or attorney-work product
6  privileges, if any, shall be produced within forty-five (45) days of entry of this Stipulation
7  as an Order of the Court.

8      3.    With respect to Paragraph 1(c), New York and NEC agree to the
9  following exception:

10       a.    NEC will be allowed to temporarily redact one additional
11 paragraph not concerning settlement consideration from the settlement agreement
12 previously produced by NEC and bearing Bates numbers NECELAM MDL NY AG
13 00032 through NECELAM MDL NY AG 00039; and

14       b.    NEC shall give notice to the settling counterparty of the
15 settlement agreement bearing Bates numbers NECELAM MDL NY AG 00032 through
16 NECELAM MDL NY AG 00039 that said counterparty has until thirty (30) days after the
17 entry of this Stipulation as an Order of the Court to make an appropriate motion before the
18 Court to maintain the redaction set forth in the preceding paragraph; and

19       c.    NEC shall not move on behalf of its settling counterparty; and

20       d.    If said settling counterparty fails to move for protection of the
21 additional redaction set forth above, then within five (5) business days of the
22 counterparty's deadline to move, NEC shall re-produce the settlement agreement in
23 question without redaction of the additional paragraph at issue.

24     4.    Sixty (60) days before New York must submit its initial expert
25 reports, if, in good faith, New York represents formally in writing: (a) that it has retained
26 an expert witness who intends to give an opinion regarding Defendants' due diligence as
27 to the ownership or assignment of claims released by the Settlement Agreements at Issue,
28 and said expert's opinion will be based, in whole or in part, on the consideration set forth

LA2:888969.4     3    STIP. & [PROPOSED] ORDER
RE AFFIRMATIVE DEFENSE DISCOVERY
MDL NO. 1486; CASE NO. C-06-06436 PJH

in the Settlement Agreements at Issue; and (b) that New York believes that the witness is qualified as an expert by virtue of knowledge, skill , experience, training or education, within the meaning of Fed. R. Evid. 702, Defendants shall produce unredacted copies of the Settlement Agreements at Issue to New York forty-five (45) days before New York must submit its initial expert reports.  If New York ultimately does not submit an expert report regarding the sufficiency of notice or due diligence regarding the ownership or assignment of claims released by the Settlement Agreements at Issue, New York it shall return the fully unredacted agreements within 15 days of submitting its initial expert reports and not use the disclosed settlement consideration for any other purpose, except as provided in Paragraph 4.

      5.    New York may seek disclosure of settlement consideration of the Settlement Agreements at Issue for purposes other than those set forth in Paragraph 4, or at a different time than the time set forth for such disclosure in Paragraph 4, upon a showing of good cause.  If such disclosure is sought, and if the parties are not able to reach agreement, New York may move for disclosure of such settlement consideration.

      6.    To the extent not already provided, if a Defendant has asserted an affirmative defense that adopts affirmative defenses of other Defendants by reference, said Defendants shall specifically identify the affirmative defenses of other Defendants that it is adopting.  Additionally, if one or more of the adopted defenses was the subject of New York's Motion for Judgment on the Pleadings [Docket No. 173], the Defendant adopting the defense shall produce any documents or other discovery materials that support said defense or identify documents already in the discovery record that support the adopted defense.

      7.    The parties agree that Defendants have not waived any right under Fed. R. Civ. P. 15 to move the Court for permission to assert additional affirmative defenses under such terms and conditions as the Court deems necessary and just, and New York reserves all rights to oppose motions brought by Defendants pursuant to Fed. R. Civ. P. 15, as appropriate.

8.   New York shall be permitted to take a 30(b)(6) deposition of each Defendant with respect to each Defendant's Settlement Agreements at Issue. The scope and timing of these 30(b)(6) depositions shall be as follows:

   a.   Scope: The 30(b)(6) deposition regarding each Defendant's Settlement Agreements at Issue shall be subject to the Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) and any responses or objections thereto and shall be limited to the documents and information produced by Defendants in connection with the OEM Settlements, as well as the categories set forth in Paragraph 2(d) above, the identification of the person or persons at each Defendant who approved each Settlement Agreement at Issue, and the timing of negotiations of each Settlement Agreement at Issue. The scope shall also include Topic No. 2 of New York's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to All Defendants, dated March 5, 2009, if applicable. Notwithstanding the foregoing, Defendants shall not seek to enforce scope limitations unreasonably.

   b.   Timing: If New York elects to proceed with these depositions, within ninety (90) days of the entry of this Stipulation as an Order of the Court, the parties shall meet-and-confer about the date and location of these depositions. The deadline for taking these depositions shall be one hundred and fifty (150) days after entry of this Stipulation as an Order of the Court, although the parties may, by agreement, extend that time, if necessary, to complete these depositions. A mutually agreed specific extension of the deadline for the 30(b)(6) depositions shall be jointly submitted to the Court for approval.

   c.   Settlement Consideration: If the amount or other specifics of settlement consideration are disclosed after one or more of these depositions take place, and New York in good faith believes testimony regarding the amount or other specifics of settlement consideration is appropriate, New York can, for good cause shown, seek further testimony from the designated 30(b)(6) witness that is reasonably related to the settlement consideration only. At the request of either New York or the Defendant in question, this follow-up deposition can be conducted telephonically.

1    9.    This Stipulation is not intended to be, and is not, a waiver of any
2 objection that any party may have to the admissibility of any document or other discovery
3 at trial or in connection with a summary judgment or summary adjudication motion.
4
5              SO STIPULATED.
6 DATE: July 20, 2009

Kenneth R. O'Rourke
Steven H. Bergman
Jane Y. Chang
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA  90071-2899
Facsimile:  (213) 430-6407

Michael F. Tubach
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111
Facsimile:  (415) 984-8701


By:_____/Steven H. Bergman/_____
          Steven H. Bergman

**Attorneys for Defendants**
**Hynix Semiconductor Inc. &**
**Hynix Semiconductor America Inc.**

James G. Kreissman
Harrison J. Frahn IV
Gabriel Rubin
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA  94304
Facsimile:  (650) 251-5002

Aton Arbisser
Julian Brew
Joshua Stambaugh
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA  90067
Facsimile:  (310) 788-1200


By: _____/Gabriel Rubin/_____
          Gabriel Rubin

By:_____/Joshua Stambaugh/_____
          Joshua Stambaugh

**Attorneys for Defendant**
**Elpida Memory (USA), Inc. &**
**Elpida Memory, Inc.**

**Attorneys for Defendants**
**Infineon Technologies AG &  Infineon**
**Technologies North America Corp.**

LA2:888969.4                6                STIP. & [PROPOSED] ORDER
                                             RE AFFIRMATIVE DEFENSE DISCOVERY
                                             MDL NO. 1486; CASE NO. C-06-06436 PJH

| | |
|---|---|
| Joel S. Sanders<br>Joshua D. Hess<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105<br>Telephone: (415) 393-8200<br>Facsimile: (415) 986-5309 | Stephen V. Bomse<br>David Brownstein<br>Eric Hairston<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-4145<br>Facsimile: (415) 773-5759 |
| By: _____*/Joshua D. Hess/*_____<br>        Joshua D. Hess | By: _____*/Eric Hairston/*_____<br>        Eric Hairston |
| **Attorneys for Defendants**<br>**Micron Technology, Inc. and Micron**<br>**Semiconductor Products, Inc.** | **Attorneys for Defendants**<br>**Mosel Vitelic Corporation &**<br>**Mosel Vitelic Incorporated** |
| ANDREW M. CUOMO<br>Attorney General of the State of New York<br>Antitrust Bureau<br>JAY L. HIMES<br>Bureau Chief, Antitrust Bureau<br>RICHARD L. SCHWARTZ<br>JEREMY R. KASHA<br>Assistant Attorneys General<br>Antitrust Bureau<br>120 Broadway, 26th Floor<br>New York, New York 10271<br>(212) 416-8262 | Robert B. Pringle<br>Paul R. Griffin<br>Jonathan E. Swartz<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, California 94111-5894<br>Telephone: 415-591-1000<br>Facsimile: 415-591-1400<br><br><br>By: _____*/Jonathan E. Swartz/*_____<br>        Jonathan E. Swartz |
| By: _____*/Jeremy R. Kasha/*_____<br>        Jeremy R. Kasha | **Attorneys for Defendant**<br>**NEC Electronics America, Inc.** |
| **Attorneys for Plaintiff State of New York** | |

## ATTESTATION OF FILING

Pursuant to General Order No. 45 § X(B), I hereby attest that I have obtained concurrence in the filing of this Stipulation and [Proposed] Order re Affirmative Defense Discovery from all parties listed in the signature blocks above.

            ___*/Steven H. Bergman/*___
              Steven H. Bergman

# [PROPOSED] ORDER

Pursuant to the Stipulation of the parties, it is so ORDERED.

Dated: July 27, 2009

_____
Magistrate Judge Joseph C. Spero